UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

                Petitioner,

-against-

JOSEPH CAPUTO,

                Respondent.

22-CV-1640 (LTS)

ORDER OF DISMISSAL

LAURA TAYLOR SWAIN, Chief United States District Judge:

    Petitioner, who is currently detained in the Anna M. Kross Center (AMKC), brings this *pro se* petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, challenging his ongoing proceedings in the Bronx County Criminal Court, under case numbers CR-013906-21BX and CR-13907-21BX.

    The Court recently dismissed Petitioner's earlier petition challenging the same pending criminal proceedings, among other reasons, because a section 2254 petition is available only to challenge a judgment of the state court and no judgment had yet been entered. *See Jones v. Carter*, ECF 21-CV-9571, 24 (S.D.N.Y. Jan 10, 2022), *recon. Denied*, ECF 35 (S.D.N.Y. Feb. 2, 2022), *appeal pending,* 22-PR-0147 (2d Cir.).[1]

    Petitioner then filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 challenging the same pending criminal charges (CR-013906-21BX and CR-13907-21BX), *Jones v. Walker*, 1:22-CV-00993 (S.D.N.Y. filed Jan. 29, 2022). Although that action remains open in this Court, Petitioner now brings this new section 2254 petition again challenging the same Bronx County criminal proceedings, which are still ongoing.

---

[1] The Court of Appeals for the Second Circuit has indicated that Petitioner's appeal from the dismissal of his section 2254 petition in *Jones*, ECF 21-CV-9571, will be dismissed unless he moves for a certificate of appealability from the court of appeals before March 17, 2022.

By order dated February 28, 2022, the Court granted Petitioner's request to proceed *in forma pauperis* (IFP).[2] The Court denies the petition without prejudice for the reasons set forth below.

## STANDARD OF REVIEW

The Court may entertain a petition for a writ of *habeas corpus* on "behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under Rule 4 of the Rules Governing § 2254 Cases, the Court has the authority to review and dismiss a section 2254 petition without ordering a responsive pleading from the state, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rules Governing § 2254 Cases, Rule 4; *see Acosta v. Nunez*, 221 F.3d 117, 123 (2d Cir. 2000).

The Court is obliged, however, to construe *pro se* pleadings liberally and interpret them "to raise the strongest arguments they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original); *see Green v. United States*, 260 F.3d 78, 83 (2d Cir. 2001). Nevertheless, a *pro se* litigant is not exempt "from compliance with relevant rules of procedural and substantive law." *Triestman*, 470 F.3d at 477 (quoting *Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983)).

---

[2] Plaintiff is barred, under 28 U.S.C. § 1651, from filing any new action *in forma pauperis* (IFP) without first obtaining from the Court leave to file, *Jones v. Stewart*, ECF 16-CV-2375, 9 (S.D.N.Y. Aug. 25, 2016), and is barred, under 28 U.S.C. § 1915(g), from bringing any new civil action IFP while a prisoner, *Jones v. Police Officer Jane Doe*, ECF 1:21-CV-9199, 15 (S.D.N.Y. Nov. 16, 2021). A petitioner can bring a *habeas corpus* petition IFP, even if barred under section 1915(g). *See Jones v. Smith*, 720 F.3d 142, 146 (2d Cir. 2013) (holding that *habeas* petitions are not considered civil actions for purposes of section 1915(g)). The Court also does not understand Petitioner's section 1651 bar to preclude him from bringing this *habeas corpus* petition.

## BACKGROUND

Petitioner Rafael Arden Jones brings this petition for a writ of *habeas corpus* under section 2254, challenging the prosecution of charges against him in cases CR-013906-21BX and CR-13907-21BX, in the Bronx County Criminal Court. According to public records maintained by the New York State Unified Court System, Petitioner was arrested on September 14, 2021, and has been charged with attempted murder in the second degree (No. CR-013906-21BX), and criminal mischief in the third degree (No. CR-13907-21BX). Petitioner states that he pleaded not guilty on September 15, 2021, and again on October 22, 2021. (ECF 2 at 2.)

According to Petitioner, on September 15, 2021, Justice Stone denied his request "to sign a subpoena for exculpatory evidence" and permitted prosecutors to violate his rights by entering his criminal history into court records. (*Id.* at 8.) Petitioner contends that he has been subjected to "kidnapping by state actors." (*Id.* at 3.) He further argues that his defense counsel Eli Moore, who has since been relieved as counsel, "waived grand jury." (*Id.* at 5.) Petitioner complains that the date for his *Dunaway* hearing has been adjourned (*id.* at 9) and argues that "due to corruption and Bronx being a terrorist municipality, his rights are not being protected in state courts" (*id.* at 10).

Petitioner also attaches to his section 2254 petition a document styled as a petition for a writ of mandamus seeking to compel the state court to adjudicate "eight compliance motions" that he filed in his criminal proceedings. (*Id.* at 16.)

On January 29, 2022, before Petitioner brought this section 2254 petition, he filed a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241, making many of the same arguments about the same criminal charges: attempted murder in the second degree (No. CR-013906-21BX), and criminal mischief in the third degree (No. CR-13907-21BX). That petition

was opened as *Jones v. Walker*, 1:22-CV-00993 (S.D.N.Y. filed Jan. 29, 2022), and remains pending.

## DISCUSSION

**A.      Petition Under 28 U.S.C. § 2254**

Petitioner brings this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254, which provides relief to an individual who is in "custody pursuant to the judgment of a State court . . . on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Here, Petitioner's criminal proceedings are ongoing. According to public records of the New York State Unified Court System, his next appearance is scheduled for March 2022. Because Petitioner has not been convicted, no judgment has entered, and he is not in custody pursuant to a judgment of a state court; a section 2254 petition is therefore not available to him to seek relief. Accordingly, this petition for a writ of *habeas corpus* under section 2254 is denied without prejudice, just as his earlier section 2254 petition, *Jones v. Carter*, ECF 21-CV-9571, 24 (S.D.N.Y. Jan 10, 2022) (Swain, J.), brought during the pendency of the same state criminal proceedings, was denied.

As the Court has previously explained, if Petitioner is convicted of the charges against him, then after pursuing "one complete round" of the state remedies available to him on direct appeal or in state post-conviction proceedings, *O'Sullivan v. Boerckel*, 526 U.S. 838, 844 (1999), a section 2254 petition in this Court would then be ripe for review. The dismissal of this section 2254 petition is without prejudice to Petitioner's filing a new section 2254 petition after conviction, if any, on these criminal charges and after complete exhaustion of his state court remedies.

B.        **Petition Under 28 U.S.C. § 2241**

A petition for a writ of *habeas corpus* under 28 U.S.C. § 2241 is available to persons "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). "A petition for a writ of *habeas corpus* under [section] 2241 is generally considered the proper vehicle for a state pretrial detainee who argues that he is in custody in violation of the Constitution or federal law." *Griffin v. Warden of Otis Bantum Corr. Ctr.*, No. 20-CV-1707 (AJN) (SLC), 2020 WL 1158070, at *2 (S.D.N.Y. Mar. 10, 2020) (relying on *McDonough v. Smith*, 139 S. Ct. 2149, 2157 n.6 (2019) (noting that "a petition for a writ of *habeas corpus* . . . is the appropriate remedy for state prisoners attacking the validity of the fact or length of their confinement, . . . including confinement pending trial before any conviction has occurred"(internal citation omitted)); *United States ex rel. Scranton v. New York*, 532 F.2d 292, 293 (2d Cir. 1976) (characterizing pretrial application challenging state court retrial, following a mistrial, as a section 2241 petition).

The United States Supreme Court has cautioned, however, that a section 2241 petition cannot be used to "permit the derailment of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court." *Braden v. 30th Judicial Circuit Court*, 410 U.S. 484, 493 (1973).

Petitioner already has a pending section 2241 proceeding in this Court challenging the same criminal proceedings. *Jones*, 1:22-CV-00993, 2 (S.D.N.Y.). The Court therefore declines to recharacterize this section 2254 proceeding as a petition for a writ of *habeas corpus* under section 2241. *See also Simon v. United States*, 359 F.3d 139, 144 (2d Cir. 2004) (holding that when a district court recharacterizes an application, brought under a different provision, as a section 2241 petition, it must provide notice and an opportunity to withdraw the petition).

C.  **Petition for a Writ of Mandamus**

In addition to bringing a section 2254 petition, Petitioner also submits a document styled as a petition for a writ of mandamus.³ In that petition, he seeks to compel the state court to adjudicate "eight compliance motions" that he filed in his criminal proceedings. (ECF 2 at 16.)

The federal district courts have jurisdiction over "any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. "It is well-settled that 'federal courts have no general power to compel action by state officials.'" *Columbia Artists Mgmt., LLC v. Swenson & Burnakus, Inc.*, No. 05-CV-7314 (LBS), 2008 WL 4387808, at *8 (S.D.N.Y. Sept. 24, 2008) (quoting *Davis v. Lansing*, 851 F.2d 72, 74 (2d Cir.1988) (rejecting application for writ of mandamus compelling state court judge to permit defense counsel's use of race-based peremptory challenges)); *see Lebron v. Armstrong*, 289 F. Supp. 2d 56, 58 (D. Conn. 2003) ("By its terms, the federal mandamus statute does not apply to an action to compel a state or state officials to perform a particular duty."). Petitioner's application for a writ of mandamus to compel the state court, under 28 U.S.C. § 1361, to adjudicate his pending state court motions is denied.

## CONCLUSION

Petitioner's application for a writ of *habeas corpus* under 28 U.S.C. § 2254 is denied without prejudice. Petitioner's application for a writ of mandamus to compel the state court,

---

³ The Court notes that the Prison Litigation Reform Act's (PLRA) fee requirements apply to extraordinary writs that seek relief analogous to that available in civil complaints under 42 U.S.C. § 1983, but "not to writs directed at judges conducting criminal trials." *In re Nagy*, 89 F.3d 115, 116 (2d Cir. 1996). Petitioner is barred under the PLRA's three-strikes provision, 28 U.S.C. § 1915(g), from proceeding IFP in a civil action, but the fee requirements do not apply to a mandamus petition seeking relief in a criminal action. It therefore appears that even if the mandamus petition were a separate action, the section 1915(g) bar would not prevent him from bringing it IFP.

under 28 U.S.C. § 1361, to adjudicate motions pending in his criminal proceedings, is denied. Petitioner, at this time, makes no substantial showing of a denial of a constitutional right, and therefore a certificate of appealability will not issue under 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962). The Clerk of Court is directed mail a copy of this order to Petitioner and note service on the docket.

SO ORDERED.

Dated:   March 3, 2022
         New York, New York

                                             /s/ Laura Taylor Swain
                                             LAURA TAYLOR SWAIN
                                             Chief United States District Judge