UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RAFAEL ARDEN JONES,

                Petitioner,

        -against-

JOSEPH CAPUTO,

                Respondent.

22-CV-1640 (LTS)

ORDER

LAURA TAYLOR SWAIN, Chief United States District Judge:

On February 28, 2022, Petitioner Rafael Jones filed this petition for a writ of *habeas corpus* under 28 U.S.C. § 2254 *pro se*, challenging his criminal proceedings pending in the Bronx County Criminal Court.[1] On March 3, 2022, the Court dismissed the Section 2254 petition without prejudice. The Court held that, because Petitioner had no judgment of conviction, he could not bring a Section 2254 petition, and the Court declined to recharacterize the petition as arising under 28 U.S.C. § 2241, because he already had a Section 2241 petition pending, *Arden v. Superintendent*, ECF 1:22-CV-2041, 6 (S.D.N.Y. Apr. 4, 2022).[2] As of the date of this order, Petitioner has another pending Section 2241 petition. *Jones v. Caputo*, 1:22-CV-2794, 47 (JPC) (SDA) (S.D.N.Y.).[3]

---

[1] Petitioner is subject to two prefiling injunctions but neither appears to bar him from bringing a petition for a writ of *habeas corpus* proceeding *in forma pauperis* (IFP). *See Jones v. Police Officer Jane Doe*, ECF 1:21-CV-9199, 15 (S.D.N.Y. Nov. 16, 2021) (holding Jones barred, under 28 U.S.C. § 1915(g), from bringing any new civil action IFP while a prisoner); *Jones v. Stewart*, ECF 16-CV-2375, 9 (S.D.N.Y. Aug. 25, 2016) (holding Jones barred, under 28 U.S.C. § 1651, from filing new actions IFP without first obtaining leave to file).

[2] In *Jones*, 1:22-CV-2041, 6, the Court also warned Petitioner that, if he continued to file Section 2241 petitions raising unexhausted challenges to his ongoing criminal proceedings, it could issue an order requiring him to seek leave before filing future Section 2241 petitions IFP.

[3] On August 29, 2022, Magistrate Judge Aaron held that, at present, Petitioner is competent and does not require a guardian *ad litem*, and he recommended that District Judge Cronan dismiss the pending Section 2241 petition as unexhausted. *Jones,* 1:22-CV-2794, 47.

Petitioner has since filed multiple letters, requests for subpoenas, and other applications for relief. (ECF Nos. 6-21). The Court denies Plaintiff's requests for subpoenas because this matter is closed. (ECF Nos. 10-12). The Court liberally construes Plaintiff's submissions (ECF Nos. 6-9, 13-19, 21) as motions, under Rule 60(b) of the Federal Rules of Civil Procedure, for relief from a judgment or order. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006). After reviewing the arguments in Plaintiff's submissions, the Court denies the motions.

## DISCUSSION

Under Rule 60(b) of the Federal Rules of Civil Procedure, a party may seek relief from a district court's order or judgment for the following reasons:

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or other misconduct of an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason justifying relief.

Fed. R. Civ. P. 60(b). A motion based on the reasons set forth in subsections (1), (2), or (3) must be filed "no more than one year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

Petitioner argues that the Correction Officers Benevolent Association is a racketeering enterprise that works with public defenders to kidnap male detainees, and that his indictment violates the constitutional prohibition on Ex Post Facto laws. (ECF 6.) He seeks "immunity from arrest" under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). (*Id.* at 5.)

Petitioner also brings an application seeking an "order of protection & suppression of corporeal evidence surgically removed by [a] Dominican male inmate in violation of CPL § 690.05(2) 4th & 5th amend." (ECF 7.) He alleges that another detainee at the Anna M. Kross Center (AMKC) has engaged in acts that constitute "invasive surgery," and seeks to permanently enjoin this activity. Petitioner is no longer housed at AMKC, and these claims for injunctive relief therefore appear to be moot. Moreover, any civil action that Petitioner wishes to bring must be filed separately and cannot proceed under this docket number, which was brought as a Section 2254 petition, rather than a civil rights action, and is now closed.

Petitioner submits documents showing that he filed a complaint for attorney misconduct against his defense counsel and that he refused to appear for a test of his mental competency. (ECF 8.) Petitioner also "requests emergency relief under the National & International Emergency Economical Powers of 50:1701 *et seq.*, Rule 64 F.R.C.P., United States Constitutional Amendments #1, #4, #5, #6" (ECF 13), seeks a "change in venue purs. to 28:1441, Fed. R. Civ. P. 8(a) jurisdiction based on 28:1345 & 1348(2) under United States Constitution Act of Congress, Supremacy Clause U.S. Const. Article VI" (ECF 14), and asks "to compel discovery under the Sunshine Act" (ECF 15). He also moves for a writ of mandamus (ECF 16), to be released from custody (ECF 17), for "injunctive relief for 28:1983, 28 U.S.C. *Bivens* action logged on petition 28:2241, 18:3626, pretrial relief" (ECF 18), and "to release petitioner from custody purs. to 28:2244, 2243 *Bivens* etc." (ECF 19).[4] In a letter filed April 22, 2022, Petitioner seeks permission to add numerous defendants from MidHudson Psychiatric Center to this closed action, which he mischaracterizes as a civil rights action. (ECF 21.)

---

[4] All spelling and punctuation in the quoted material from Petitioner's applications is original.

The Court has considered Plaintiff's arguments, and even under a liberal interpretation of his motion, Plaintiff has failed to demonstrate that any of the grounds listed in the first five clauses of Rule 60(b) apply. Therefore, the motions under any of these clauses are denied.

To the extent that Plaintiff seeks relief under Rule 60(b)(6), the motions are also denied. "[A] Rule 60(b)(6) motion must be based upon some reason other than those stated in clauses (1)-(5)." *United Airlines, Inc. v. Brien*, 588 F.3d 158, 175 (2d Cir. 2009) (quoting *Smith v. Sec'y of HHS*, 776 F.2d 1330, 1333 (6th Cir. 1985)). A party moving under Rule 60(b)(6) cannot circumvent the one-year limitation applicable to claims under clauses (1)-(3) by invoking the residual clause (6) of Rule 60(b). *Id.* A Rule 60(b)(6) motion must show both that the motion was filed within a "reasonable time" and that "'extraordinary circumstances' [exist] to warrant relief." *Old Republic Ins. Co. v. Pac. Fin. Servs. of America, Inc.*, 301 F.3d 54, 59 (2d Cir. 2002) (per curiam) (citation omitted). Plaintiff fails to demonstrate that extraordinary circumstances exist to warrant relief under Rule 60(b)(6). *See Ackermann v. United States*, 340 U.S. 193, 199-202 (1950).

This action is closed. If Petitioner has exhausted a ground for relief in the state court that is appropriately brought in a Section 2241 petition, he could seek leave to raise it in his pending Section 2241 petition, *Jones,* 1:22-CV-2794, or in a new Section 2241 petition. If Petitioner wishes to bring a civil rights action under 42 U.S.C. § 1983 against state actors, or an action under *Bivens* against federal actors, he must do so in a new separate proceeding, rather than in this closed action.[5]

---

[5] If Petitioner seeks leave to proceed IFP in such action, he must comply with the prefiling injunctions by seeking leave of court to proceed with his new complaint.

4

## CONCLUSION

The Court denies Plaintiff's requests for subpoenas because this matter is closed. (ECF Nos. 10-12). Plaintiff's letter requests and motions for reconsideration (ECF Nos. 6-9, 13-19, 21) are denied.

The Clerk of Court will only accept for filing further documents in this action that are directed to the United States Court of Appeals for the Second Circuit. If Plaintiff files other documents that are frivolous or meritless, the Court will direct Plaintiff to show cause why Plaintiff should not be barred from filing further documents in this action.

The Court directs the Clerk of Court to mail a copy of this order to Plaintiff at his address of record and at the address currently listed for him on public records of the New York City Department of Correction: George R. Vierno Center, 09-09 Hazen Street, East Elmhurst, NY 11370.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:   October 17, 2022
         New York, New York

                                          /s/ Laura Taylor Swain
                                          LAURA TAYLOR SWAIN
                                          Chief United States District Judge